UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BEACH,<br><br>          Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>          Defendant. | Case No.: 19-CV-1179-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Doc. No. 10.]** |

  Beach files for leave to proceed in forma pauperis on her Second Amended Complaint (Doc. No. 9). The Court reviews Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915(e), as is required when a plaintiff files a motion to proceed in forma pauperis. The Court finds that Beach's Second Amended Complaint sufficiently states a claim for relief and that her IFP application is complete. Thus, the Court GRANTS Beach's IFP motion.

/ / /

/ / /

/ / /

/ / /

1

19-CV-1179-WVG

## I. MOTION FOR IFP

Beach moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a. In IFP proceedings, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here, the Court finds Beach meets the requirements of § 1915 and grants the IFP motion. Beach has submitted an affidavit that sufficiently states all her assets and obligations. (Doc. No. 10.) According to Beach's affidavit, she has $1,000 in cash and an automobile worth $2,500. (*Id.* at 2, 3.) Beach advises she has no monthly income other than $360 per month in child support. (*Id.* at 1.) Moreover, Beach spends an estimate of $1,100 a month supporting herself and her 17-year-old son. (*Id.* at 2.) Finally, Beach owes approximately $28,500 in various debts, including credit card debt and school loans. (*Id.* at 5.)

Based on the foregoing, the Court concludes that Beach lacks substantial assets because her assets are insignificant in the face of her debt and living expenses. Thus, Beach has sufficiently demonstrated that paying the $400 filing fee would impair her ability to obtain the necessities of life and the Court GRANTS beach's motion to proceed IFP.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122,

1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.") The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). Thus, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Social security appeals are not exempt from the § 1915(e) screening requirement. *Hoagland v. Astrue*, No. 12CV973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints."). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. "A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement." *Schwei v. Colvin*, No. 15CV1086-JCM-NJK, 2015 WL 3630961, at *2 (D. Nev. June 9, 2015). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases).

Here, Beach's complaint now lists sufficient reasons why she believes the ALJ erred in denying her benefits. (*See* Doc. No. 9 at ¶ 7.) Specifically, Beach does not allege only generalized legal conclusions but supports her claim with facts. Based on this, the Court finds Beach has satisfied the pleading requirements.

///

### III. CONCLUSION

Beach's motion to proceed IFP is GRANTED.

**IT IS SO ORDERED.**

DATED: August 5, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge